UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

| | |
|---|---|
| GERALDINE BLUE BIRD,<br><br>Petitioner,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | 5:19-CV-05050-KES<br><br>MEMORANDUM OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS |

Petitioner, Geraldine Blue Bird, moves to correct her sentence because of a possible *Davis* claim under 28 U.S.C. § 2255. Docket 1. Respondent, United States of America, opposes the motion and moves to dismiss Blue Bird's motion. Docket 17. For the following reasons, the court denies Blue Bird's petition.

## BACKGROUND

Blue Bird was convicted by a jury of: Count 1—conspiracy to distribute cocaine; Count 2—conspiracy to distribute marijuana; Counts 3, 4, & 7—possession with intent to distribute cocaine; and Count 8—possession of a firearm in relation to a drug trafficking crime.[1] She was sentenced to 350 months in custody on count 2, 60 months in custody on count 2, 240 months in custody on count 3, concurrent to counts 1 & 2; 240 months in custody on count 4, concurrent to counts 1, 2 & 3; 240 months in custody on count 7,

---

[1] Within this opinion, the court will cite to "CR." when citing to documents filed in Blue Bird's criminal case found at 5:06-CR-50006-KES.

concurrent to counts 1, 2, 3 & 4; and 60 months in custody on count 8, consecutive to counts 1, 2, 3, 4 & 7. CR. Docket 858. Blue Bird appealed her sentence. The Eighth Circuit Court of Appeals affirmed her conviction. CR. Docket 942. Blue Bird filed a petition for writ of certiorari, which was denied on March 25, 2009. CR. Dockets 960, 963.

On February 9, 2015, Blue Bird filed a motion to reduce her sentence under 18 U.S.C. § 3582(c)(2) based upon Amendment 782 to the Sentencing Guidelines and United States Sentencing Guidelines § lBl.10. CR. Docket 1111. The court entered an order reducing Blue Bird's sentence. CR. Docket 1129. On March 25, 2015, an Amended Judgment as to Blue Bird was entered: Count 1 was reduced to 281 months' imprisonment; Count 2 remained at 60 months' imprisonment, concurrent to Count 1; Count 3 was reduced to 235 months' imprisonment, concurrent to Counts 1 & 2; Count 4 was reduced to 235 months' imprisonment, concurrent to Counts 1, 2 & 3; Count 7 was reduced to 235 months' imprisonment, concurrent to Counts 1, 2, 3 & 4; and Count 8 remained at 60 months' imprisonment, consecutive to Counts 1, 2, 3, 4 & 7. CR. Docket 1130.

On June 27, 2016, Blue Bird filed her first petition for habeas relief under section 2255 based upon the Supreme Court decision in *Johnson v. United States*, 135 S. Ct. 2551 (2013). *Blue Bird v. United States,* 5:16-CV-05058-KES (D.S.D.). The court dismissed the petition after finding that *Johnson* was not applicable to Blue Bird's conviction. *Id.*

Blue Bird now moves to correct her sentence because of a new rule of constitutional law that was announced by the United States Supreme Court in *United States v. Davis*, 139 S. Ct. 2319 (2019). The United States now moves to dismiss Blue Bird's motion to correct her sentence for failure to state a claim. Docket 17.

The United States contends that this court lacks jurisdiction over this matter because this is a second petition to vacate under 28 U.S.C. § 2255 and it has not been certified by a panel of the court of appeals under 28 U.S.C. § 2255(h). *Id.* This court agrees. Under 28 U.S.C. § 2244(b)(3)(A), a second or successive application for habeas relief can only be filed in district court if it is authorized by the court of appeals. Without authorization, the district court must dismiss the petition. 28 U.S.C. § 2244(b)(4). Because Blue Bird previously filed a petition for habeas relief that was denied, she needs to obtain authorization from the Eighth Circuit Court of Appeals to file a second petition before this court can exercise jurisdiction over the matter. Thus, this petition is dismissed without prejudice.

## CERTIFICATE OF APPEALABILITY

When a district court denies a petitioner's § 2255 motion, the petitioner must first obtain a certificate of appealability before an appeal of that denial may be entertained. *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003). This certificate may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(2). A "substantial showing" is one that demonstrates "reasonable jurists would find the district

court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Stated differently, "[a] substantial showing is a showing that issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings." *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997). The court finds that Blue Bird has not made a substantial showing that her claim is debatable among reasonable jurists, that another court could resolve the issues raised in that claim differently, or that a question raised by that claim deserves further proceedings. Consequently, a certificate of appealability is denied.

## CONCLUSION

Blue Bird did not obtain permission from the Eighth Circuit Court of Appeals to file a successive petition for relief under 28 U.S.C. § 2255. As a result, this court does not have jurisdiction to consider her petition and it is dismissed without prejudice. Thus, it is

ORDERED that Blue Bird's Motion to Correct her sentence is denied (Docket 1).

IT IS FURTHER ORDERED that the United States's motion to dismiss (Docket 17) is granted.

IT IS FURTHER ORDERED that a certificate of appealability is denied.

Dated April 14, 2021.

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE

4